UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

MELINDIA JACKSON,

        Plaintiff,

vs.

                                  Case No:  1:13-cv-1098
                                  Hon. Janet T. Neff

IDS PROPERTY AND CASUALTY
INSURANCE COMPANY,

        Defendant.

_____/

| | |
|---|---|
| MELINDIA JACKSON | AARON D. SIMS (P58011) |
| *Pro Se Plaintiff* | Moffett Vitu Lascoe Packus & Sims, P.C. |
| P.O. Box 305 | Attorney for Defendant |
| Allegan, MI  49010 | 255 E. Brown Street, Suite 340 |
| 269-673-4422 | Birmingham, MI  48009 |
| | (248) 646-5100 / (248) 646-5332 (fax) |
| | asims@mdaal.com |
| | ttomasovich@mdaal.com |

_____/

### DEFENDANT'S MOTION TO DISMISS BASED ON PLAINTIFF'S FAILURE TO FILE OPPOSITION TO ITS MOTION TO STRIKE COMPLAINT

NOW COMES Defendant, IDS PROPERTY AND CASUALTY INSURANCE COMPANY, by and through its attorneys, MOFFETT, VITU, LASCOE, PACKUS & SIMS, P.C., and for its Motion to Dismiss Based on Plaintiff's Failure to File Opposition to Its Motion to Strike Complaint, states as follows:

1.     Plaintiff filed the instant action alleging violations of the Elliott-Larsen Civil Rights Act, Act 453 of 1976 on October 4, 2013.  (**Exhibit A, Complaint**).

2.     Due to the severe deficiencies of Plaintiff's Complaint, Defendant filed a Motion to Strike Plaintiff's Complaint.  (**Exhibit B, Defendant's Motion to Strike**).  Specifically, Plaintiff failed to provide any averments material to her claim of discrimination.  Rather, she merely stated "immaterial" and "impertinent" information without a factual basis.

MOFFETT VITU LASCOE PACKUS & SIMS
A PROFESSIONAL CORPORATION
255 EAST BROWN STREET – SUITE 340 – BIRMINGHAM, MICHIGAN 48009
(248) 646-5100 – fax (248) 646-5332

AE-3670-AS

3.      Plaintiff was sent a correspondence together with a copy of the Motion to Dismiss at her residence on November 8, 2013.  (**Exhibit C, Correspondence**).

4.      On November 12, 2013, this Honorable Court scheduled a hearing on Defendant's Motion to Dismiss for May 9, 2014 at 11:00 a.m.  (**Exhibit D, Notice of Hearing**).

5.      Plaintiff called counsel for Defendant's office on or about January 21, 2014 inquiring about an immediate settlement, which has been the only communication from Plaintiff. (**Exhibit E, Affidavit of Tami Tomasovich**).

6.      Local Rule 7.2 provides a Briefing Schedule, which states:

> Any party opposing a dispositive motion shall, within twenty-eight (28) days after service of the motion, file a responsive brief and any supporting materials.  The moving party may, within fourteen (14) days after service of the response, file a reply brief not exceeding ten (10) pages.  The Court may permit or require further briefing.

7.      To date, Plaintiff has not responded to Defendant's Motion to Dismiss in any, way shape or form.  (**Id.**).  Moreover, Defendant has had no further contact with Plaintiff since the date of January 21, 2014.

8.      Defendant is cognizant of Plaintiff's position as a pro se party to the instant action and has allowed ample time to provide any documentation in support of her claims.  However, it should be noted Plaintiff brought the instant litigation against Defendant and should be responsible for following the procedures as provided by this Honorable Court.

9.      "[F]ederal courts 'have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.'" *Branham v Micro Computer Analysts,* 350 Fed App'x 35, 38 (6th Cir 2009).

10.     As such, Plaintiff's failure to proffer a response to Defendant's Motion to Dismiss is an inexcusable mistake and her Complaint should be stricken/dismissed for this reason.

MOFFETT VITU LASCOE PACKUS & SIMS
A PROFESSIONAL CORPORATION
255 EAST BROWN STREET – SUITE 340 – BIRMINGHAM, MICHIGAN 48009
(248) 646-5100 – fax (248) 646-5332

AE-3670-AS

WHEREFORE, Defendant, IDS PROPERTY AND CASUALTY INSURANCE COMPANY, respectfully requests this Honorable Court to grant its Motion and dismiss Plaintiff's Complaint in its entirety with prejudice, together with costs and fees so wrongfully incurred in the defense of this matter.

MOFFETT VITU LASCOE PACKUS & SIMS, P.C.

/s/ *Aaron D. Sims*

By:  Aaron D. Sims (P58011)
Attorney for Defendant
255 E. Brown Street, Suite 340
Birmingham, MI  48009
(248) 646-5100
asims@moffettvitu.com

Dated:   April 30, 2014

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS BASED ON PLAINTIFF'S FAILURE TO FILE OPPOSITION TO ITS MOTION TO STRIKE COMPLAINT

In support of the instant Motion, Defendant relies upon the following provisions of Local Rule 7.2, applicable case law, the facts of the case and this Honorable Court's discretion.

WHEREFORE, Defendant, IDS PROPERTY AND CASUALTY INSURANCE COMPANY, respectfully requests this Honorable Court to grant its Motion and dismiss Plaintiff's Complaint in its entirety with prejudice, together with costs and fees so wrongfully incurred in the defense of this matter.

MOFFETT VITU LASCOE PACKUS & SIMS, P.C.

/s/ *Aaron D. Sims*

By: Aaron D. Sims (P58011)
Attorney for Defendant
255 E. Brown Street, Suite 340
Birmingham, MI  48009
(248) 646-5100
asims@moffettvitu.com

Dated:   April 30, 2014

MOFFETT VITU LASCOE PACKUS & SIMS
A PROFESSIONAL CORPORATION
255 EAST BROWN STREET – SUITE 340 – BIRMINGHAM, MICHIGAN 48009
(248) 646-5100 – fax (248) 646-5332

AE-3670-AS

## PROOF OF SERVICE

  The undersigned certifies that a copy of the foregoing document was served upon counsel of record, by mailing same to them at their respective addresses as disclosed by the pleadings of record herein, with postage fully prepaid thereon on April 30, 2014.

  I declare that the statement above is true to the best of my information, knowledge and belief.

/s/ *Tami M. Tomasovich*

Tami M. Tomasovich

MOFFETT VITU LASCOE PACKUS & SIMS
A PROFESSIONAL CORPORATION
255 EAST BROWN STREET – SUITE 340 – BIRMINGHAM, MICHIGAN 48009
(248) 646-5100 – fax (248) 646-5332

AE-3670-AS

# EXHIBIT
# A

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

Melindia Jackson
P.O. Box 305
Allegan, Michigan 49010
269 673-4422
Plaintiff/ Pro Per

V S

Register Agent/ CT Corporation
30600 Telegraph Rd Suite 2345
Bingham Farm, MI  48025
 For
IDS Property and Casualty Insurance Co
3500 Packerland Drive
De Pere, Wisconsin 54115
Defendant
Telephone 1800 872-5246

Case No:
Hon.

FILED - KZ
October 4, 2013 4:20 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
bd /____ Scanned by py/3  10/4

1:13-cv-1098
Janet T. Neff
U.S. District Judge

Complaint
I

Plaintiff lives in Allegan County Michigan. Defendant place of business and Corporation is in another states.  Plaintiff has file a claim against defendant based on Discrimination under the Elliot Larson Act 453 of 1976.  Based on Disability , sex, and race.

1. Plaintiff has been treated differently than other that have claims with the insured company. Claim1122887C201 and Claim   5 - 14 - 11

2.. After meeting with plaintiff  locally in December of 2011. Defendants of IDS Property and  casualty insurance also known as aka/Amerprise Auto and Home Insurance in claims  department  employees Michelle Daniels, Gina Knuth, Stacey Bartz, and Thomas Boogard; begin to harass, threaten with claim of being denied claim service try to  entrapment plaintiff.  Defendants has did  these acts with malice and  intent.

3. Also harassment with making slanderous and libel claim of plaintiff being a OPID user which is false; plaintiff has never had a history now or before of ever user Heroin or any other illegal substances.

4. Defendants have cause harm to plaintiff for possible future employment because of liberal and slanderous act had been enter into her MIB record which is false and untrue Defendant knew this because Defendants of said Business and Corporation had been working with Plaintiff on claims up last to contact in May of 2013.

5. Plaintiff have tried in the past to resolve this whole issue.

6. Plaintiff  Request a award of damages in the amount of $500.000.00

Signature  Melindia Jackson  Date  October 4, 2013

# EXHIBIT
# B

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

MELINDIA JACKSON,

        Plaintiff,

                                        Case No:  1:13-cv-1098

vs.                                      Hon. Janet T. Neff

IDS PROPERTY AND CASUALTY
INSURANCE COMPANY,

        Defendant.

_____/

| | |
|---|---|
| MELINDIA JACKSON | AARON D. SIMS (P58011) |
| *Pro Se Plaintiff* | Moffett Vitu Lascoe Packus & Sims, P.C. |
| P.O. Box 305 | Attorney for Defendant |
| Allegan, MI  49010 | 255 E. Brown Street, Suite 340 |
| 269-673-4422 | Birmingham, MI  48009 |
| | (248) 646-5100 / (248) 646-5332 (fax) |
| | asims@mdaal.com |
| | ttomasovich@mdaal.com |

_____/

MOFFETT VITU LASCOE PACKUS & SIMS
A PROFESSIONAL CORPORATION
255 EAST BROWN STREET – SUITE 340 – BIRMINGHAM, MICHIGAN 48009
(248) 646-5100 – fax (248) 646-5332

**DEFENDANT IDS PROPERTY AND CASUALTY INSURANCE COMPANY'S**
**MOTION TO STRIKE PLAINTIFF'S COMPLAINT**

NOW COMES Defendant, IDS PROPERTY AND CASUALTY INSURANCE COMPANY, by and through its attorneys, MOFFETT, VITU, LASCOE, PACKUS & SIMS, P.C., and for its Motion to Strike Plaintiff's Complaint per MCR 2.115, states as follows:

    1.      Plaintiff filed the instant action alleging violations of the Elliott-Larsen Civil Rights Act, Act 453 of 1976.  (**Exhibit A, Elliott-Larsen Civil Rights Act**).

    2.      In her Complaint, Plaintiff alleges she "has been treated differently than other [sic] that have claims with the insured company [Defendant]."  (**Exhibit B, Complaint**).

    3.      Defendant is the automobile insurer providing coverage for No-Fault benefits of to Plaintiff.

1

AE-3670-AS

4.     Plaintiff further makes three additional averments in support of her claim.  These allegations are as follows:

> 2..[sic] After meeting with plaintiff locally in December of 2011. Defendants of IDS Property and casualty insurance also known as aka/Ameriprise Auto and Home Insurance claims department employees Michelle Daniels, Gina Knuth, Stacey Bartz, and Thomas Boogard; begin to harass, threaten with claim of being denied claim service to try to entrapment plaintiff.  Defendant has did these acts with malice and intent.

> 3.     Also harassment with making slanderous and libel claim of plaintiff being an OPID user which is false; plaintiff has never had a history now of ever being user Heroin or any other illegal substances.

> 4.     Defendants have cause harm to plaintiff for possible future employment because of liberal and slanderous act had been enter into her MIB record which is false and untrue Defendant knew this because Defendants of said Business and Corporation had been working with Plaintiff on claims up last to contact in May of 2013.  (**Id.**).

5.     The Elliott-Larsen Civil Rights Act, Act 453 of 1976, states, in pertinent part:

> 37.2102 Recognition and declaration of civil right; action arising out of discrimination based on sex or familial status.

> > Sec. 102.  (1)  The opportunity to obtain employment, housing and other real estate, and the full and equal utilization of public accommodations, public service, and educational facilities without discrimination of *religion, race, color, national origin, age, sex, height, weight, familial status, or marital status* as prohibit by this act, is recognized to be a civil right.

**(Exhibit A, emphasis added)**.

6.     The remainder of Plaintiff's Complaint merely contains allegations of an attempt for resolution and a damages request.  **(Exhibit B)**.

MOFFETT VITU LASCOE PACKUS & SIMS
A PROFESSIONAL CORPORATION
255 EAST BROWN STREET – SUITE 340 – BIRMINGHAM, MICHIGAN 48009
(248) 645-5100 – fax (248) 646-5332

2

AE-3670-AS

7.    In order to support her allegations of a civil rights claim under the Elliott-Larsen Civil Rights Act and, moreover, prevail on her claim, Plaintiff needs to plead discrimination of *"religion, race, color, national origin, sex, height, weight, familial status, or marital status."* (**Exhibit A**).

8.    Accordingly, the only material and pertinent averments pertinent to Plaintiff's Complaint would be those claims for discrimination based on *"religion, race, color, national origin, sex, height, weight, familial status, or marital status,"* because these are the only bases available for such a claim to be made pursuant to the Elliott-Larsen Civil Rights Act.

9.    Federal Rule of Civil Procedure 12(f), Motion to Strike states:

> The Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
>
> (1)    on its own; or
>
> (2)    on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

10.    "[A] motion to strike should be granted where the complaint contains *immaterial* allegations that have no bearing on the subject matter of litigation." *Spectrum Health v Good Samaritan Employers Ass'n, Inc Trust Fund,* 2008 WL 2484598 (W.D. Mich); see *Morse v Weingarten,* 777 F Supp 312, 319 (SDNY 1991).

11.    "'Impertinent' allegations have been defined as statements that do not pertain or are not necessary to the issues in question." *New Day Farms, LLC v Bd of Trustees, York, Twp, OH,* 2009 WL 1652126 (SD Ohio); citing *5C Wright & Miller Federal Practice & Procedure §1382 (3rd ed. 2009).*

MOFFETT VITU LASCOE PACKUS & SIMS
A PROFESSIONAL CORPORATION
255 EAST BROWN STREET – SUITE 340 – BIRMINGHAM, MICHIGAN 48009
(248) 646-5100 – fax (248) 646-5332

AE-3670-AS

12. Plaintiff's Complaint fails to provide any allegations of discrimination based on her *"religion, race, color, national origin, sex, height, weight, familial status, or marital status"* that would be the ***only material and pertinent instances of discrimination*** for an Elliott-Larsen Civil Rights Act claim.

13. In her Complaint, Plaintiff bases her claim on "being treated differently than other claims." Then, she indicates Defendant committed acts of harassment with "malice and intent" and made "slander and libel" statements regarding use of heroin/illegal substances as support. **(Id. at ¶¶ 2, 3 &4)**.

14. Clearly, there is nothing in the Complaint alleging anything about Plaintiff's *"religion, race, color, national origin, sex, height, weight, familial status, or marital status"* to support a claim pursuant to the Elliott-Larsen Civil Rights Act.

15. Because the Elliott-Larsen Civil Rights Act is limited to only claim of discrimination involving *"religion, race, color, national origin, sex, height, weight, familial status, or marital status,"* Plaintiff's Complaint for claims of discrimination outside these particular acts enumerated by the statute are "immaterial" and "impertinent" to her claim.

16. As such, FRCP Rule 12(f) allow this Honorable Court to strike the entirety of Plaintiff's Complaint as it fails to have no bearing on the claim and does not pertain to any issues involved with a cause of action brought pursuant to the Elliott-Larsen Civil Rights Act.

WHEREFORE, Defendant, IDS PROPERTY CASUALTY INSURANCE COMPANY, respectfully requests this Honorable Court grant its Motion, strike Plaintiff's instant cause of action and dismiss the case with prejudice, together with costs and fees so wrongfully incurred in the defense of this matter.

4

AE-3670-AS

MOFFETT VITU LASCOE PACKUS & SIMS, P.C.

/s/ *Aaron D. Sims*

By:  Aaron D. Sims (P58011)
Attorney for Defendant
255 E. Brown Street, Suite 340
Birmingham, MI  48009
(248) 646-5100
asims@moffettvitu.com

Dated:  November 8, 2013

### BRIEF IN SUPPORT OF DEFENDANT IDS PROPERTY AND CASUALTY INSURANCE COMPANY'S MOTION TO STRIKE PLAINTIFF'S COMPLAINT

In support of the instant Motion, Defendant relies upon the following provisions of FRCP Rule 12(f), applicable case law, the facts of the case and this Honorable Court's discretion.

WHEREFORE, Defendant, IDS PROPERTY CASUALTY INSURANCE COMPANY, respectfully requests this Honorable Court grant its Motion, strike Plaintiff's instant cause of action and dismiss the case with prejudice, together with costs and fees so wrongfully incurred in the defense of this matter.

MOFFETT VITU LASCOE PACKUS & SIMS, P.C.

/s/ *Aaron D. Sims*

By:  Aaron D. Sims (P58011)
Attorney for Defendant
255 E. Brown Street, Suite 340
Birmingham, MI  48009
(248) 646-5100
asims@moffettvitu.com

Dated:  November 8, 2013

### PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing document was served upon counsel of record, by mailing same to them at their respective business addresses as disclosed by the pleadings of record herein, with postage fully prepaid thereon on November 8, 2013.

I declare that the statement above is true to the best of my information, knowledge and belief.

/s/  *Rhonda R. Brouckaert*
Rhonda R. Brouckaert

*(left margin, vertical)* MOFFETT VITU LASCOE PACKUS & SIMS   A PROFESSIONAL CORPORATION   255 EAST BROWN STREET – SUITE 340 – BIRMINGHAM, MICHIGAN 48009   (248) 646-5100 – fax (248) 646-5332

AE-3670-AS

# EXHIBIT C

# MOFFETT VITU LASCOE PACKUS & SIMS

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

AARON D. SIMS

Brown Street Centre – Suite 340
255 East Brown Street
Birmingham, Michigan  48009

Telephone:  (248) 646-5100

Fax  (248) 646-5332

Writer's Email Address:
asims@moffettvitu.com

November 8, 2013

Melindia Jackson
P.O. Box 305
Allegan, MI  49010

Re:    Melindia Jackson v IDS Property & Casualty
       Case No:  1:13-cv-1098
       Claim No.:  1122887C201
       Our File No:  AE-3670-AS

Dear Ms. Jackson:

Enclosed please find Defendant IDS Property and Casualty Insurance Company's Motion to Strike Plaintiff's Complaint that was e-filed earlier today.

Very truly yours,

Aaron D. Sims

ADS/tmt
Enclosures

# EXHIBIT D

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELINDIA JACKSON,

        Plaintiff,

    v.

IDS PROPERTY AND CASUALTY
INSURANCE CO.,

        Defendant.
_____/

Case No. 1:13−cv−01098−JTN−ESC

Hon. Janet T. Neff

## **NOTICE OF HEARING**

TAKE NOTICE that a hearing on the following motion(s) has been scheduled as set forth below:

| | |
|---|---|
| Motion(s): | Motion to Strike − #8 |
| Date/Time: | May 9, 2014   11:00 AM |
| Magistrate Judge: | Ellen S. Carmody |
| Place/Location: | 650 Federal Building, Grand Rapids, MI |

ELLEN S. CARMODY
U.S. Magistrate Judge

Dated:  November 12, 2013    By:  /s/ Cynthia Black Hosner
                           Judicial Assistant

# EXHIBIT
# E

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

MELINDIA JACKSON,

             Plaintiff,

                                              Case No: 1:13-cv-1098

vs.                                              Hon. Janet T. Neff

IDS PROPERTY AND CASUALTY
INSURANCE COMPANY,

             Defendant.

                                                                      /

| | |
|---|---|
| MELINDIA JACKSON | AARON D. SIMS (P58011) |
| *Pro Se Plaintiff* | Moffett Vitu Lascoe Packus & Sims, P.C. |
| P.O. Box 305 | Attorney for Defendant |
| Allegan, MI 49010 | 255 E. Brown Street, Suite 340 |
| 269-673-4422 | Birmingham, MI 48009 |
| | (248) 646-5100 / (248) 646-5332 (fax) |
| | asims@mdaal.com |
| | ttomasovich@mdaal.com |

                                                                          /

## **AFFIDAVIT OF TAMI M. TOMASOVICH**

STATE OF MICHIGAN )

                                 ss:

COUNTY OF WAYNE)

       I, TAMI M. TOMASOVICH, being of lawful age and being first duly sworn, deposes and states the following:

       1.     I am the legal secretary for Aaron Sims, and I am the person who primarily handles the filing of his pleadings and correspondences with opposing parties.

       2.     Additionally, I am responsible for discussing issues with opposing parties to keep him apprised of any developments while he is out of the office.

3.      On or about November 8, 2013, I prepared the correspondence together with the enclosure of Defendant's Motion to Strike Plaintiff's Complaint and had it sent to Plaintiff's P.O. Box in Allegan, Michigan.

4.      On or about January 21, 2014, I spoke with Plaintiff/Ms. Jackson regarding an offer to resolve the instant matter.

5.      To date, I have not received any correspondences indicative of a response to Defendant's Motion to Strike Plaintiff's Complaint.

6.      I have not had any further communication with Plaintiff since her phone call at the end of January.

Further Affiant sayeth not.

_____
TAMI M. TOMASOVICH

Subscribed and sworn to before me,
this ___ day of _____, 2014.

_____
_____, Notary Public
My Commission Expires:

ANDREA K GISTINGER
Notary Public, State of Michigan
County of Oakland
My Commission Expires Dec. 14, 2018
Acting in the County of_____